UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERONIMO ESONO NDONG ANGUE (A# 240-459-579),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX,

Respondent.

No. 1:26-cv-09055 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding pro se with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

A review of court records shows that on November 5, 2026, District Judge Drozd granted Petitioner's earlier-filed habeas petition and ordered his immediate release. Ndong Angue v. Warden, Central Valley Annex Facility, No. 1:26-cv-08919 DAD SCR, 2026 WL 3362081 (E.D. Cal. Nov. 5, 2026) ("Ndong Angue I"). The undersigned finds that Petitioner's successful petition and subsequent release from custody moots this later-filed challenge to his immigration detention.[1] See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (noting that a

[1] The undersigned takes judicial notice of Immigration and Customs Enforcement's Online Detainee Locator System, https://locator.ice.gov/odls/#/search, which shows that Petitioner is no longer in its custody. Fed. R. Evid. 201(b)-(c).

petitioner's release from detention "moot[ed] his challenge to the legality of his extended detention.'") (quoting Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002)); Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (federal courts "have an independent duty to consider" mootness sua sponte).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be dismissed as moot based on Petitioner's release from immigration detention pursuant to the Court's order in Ndong Angue I; and

2. All pending motions be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 24, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE